TAYLOR, trustee, *et al. vs.* DYCHES.

On a bill filed to enjoin the closing of an alley by the erection of permanent improvements, the evidence being conflicting as to whether the complainant had a right to the use of such alley, or whether the defendants had the exclusive right to it, this court will not control the discretion of the chancellor in granting an injunction until the final hearing of the case.

Injunction.   Before Judge PATE.   Pulaski County.   At Chambers.   February 10th, 1881.

Reported in the decision.

J. WATSON; HALL & SON, for plaintiffs in error.

KIBBEE & MARTIN; L. C. RYAN, by HARRISON & PEEPLES, for defendant.

SPEER, Justice.

James H. Dyches brought his bill for relief and injunction in Pulaski superior court against William Taylor as trustee and Daniel Rhodes as guardian, alleging the following statement of facts:

On 5th May, 1860, one D. R. Matthewson executed a deed to Dillard & McPhail (through whom defendants claim) to a certain town lot in Hawkinsville. This deed, after describing metes and bounds of lot, 25 by 210 feet in area, fronting on Commerce street, contains the following clause:

" The said Matthewson *agrees to lease for the use* of the said Dillard & McPhail a portion of land on the west side of said lot the width of eight feet and of the full length (meaning depth) of said lot for a lane or alley to be used in common by said Matthewson and said Dillard & McPhail and their heirs and assigns."

The deed was recorded 27th March, 1861, and was a deed to a part of an old bank lot.

Matthewson afterwards conveyed the balance of the bank lot to one Thomas Spain, reserving the alley-way. Spain conveyed to one Field, and through Field complainant holds.

The recitals in the last deeds in relation to the alley or lane are as follows: "Lot of old Hawkinsville Bank, containing one-half acre, being all of said lot except twenty-five feet front sold to Dillard & McPhail, and eight feet on west side of Dillard & McPhail reserved for an alley on Commerce street." This last deed of Matthewson dated 20th November, 1865.

It further appears from the record that on 20th September, 1863, Dillard & McPhail sold the lot conveyed to them by Matthewson to McPhail & Taylor (Taylor being one of the defendants in this bill and McPhail being his son-in-law), *but added in the alley*, making their deed comprise *thirty-three feet* front on Commerce street by 210

feet depth. This deed was never recorded, and first known to complainant on the hearing ordered on the injunction.

On the 30th day of September, 1875, William Taylor, one of the defendants, procured a deed from Matthewson to *himself* to the alley. The recitals in this deed show that the alley had been reserved, and Taylor knew it, and purchased it as a reserved alley.

In October last defendants below commenced the erection of a block of buildings on Commerce street, and laid the foundation of their walls on said alley, and were proceeding to close the same, when complainant filed his bill, seeking to enjoin the defendants from closing said alleyway, and prayed for a decree to keep the same perpetually open ; also seeking to cancel or reform such deeds held by defendants as do not recognize the alley-way.

To this bill respondents both demurred and answered.

They deny the complainant's right to the use or enjoyment of said alley ; claim that said alley was expressly reserved for the use in common of said Matthewson and said Dillard & McPhail and their heirs and assigns, and Matthewson never assigned the use of the same to any other person whatever, and Dillard & McPhail have never assigned to any one except defendant. Taylor further alleges that Dillard & McPhail, on 6th May, 1860, with full knowledge and consent of Matthewson, who owned the land on west side of said alley, took full and absolute possession of said alley, and they and those who claim under them and defendants have been in the free and uninterrupted use, control and possession thereof in the same manner and to the same extent that they hold their lot. Defendant, Taylor, claims a prescriptive title to said alley. He claims that on the 10th September, 1862, prior to the conveyance of Matthewson to Spain of the land on west side of the alley, Dillard & McPhail conveyed their lot to Taylor & McPhail, including said alley, and they went immediately into the open, notorious and adverse possession of said land, with no notice of the rights of said

Matthewson or any one, and have so continued to the present time; and defendants submit that under said deed and possession they have a prescriptive title to said alley, etc., etc.

Under the bill, answers, and evidence submitted, and argument thereon, the court below granted the injunction and defendants excepted.

Under the pleadings and evidence in this case, as contained in the record and bill of exceptions, we see no abuse of discretion on the part of the chancellor in granting this injunction. There being no error of law, and the facts as to the use and occupancy of the alley being conflicting, we think it best the closing of the same should be restrained until the issues can be finally passed upon by a jury on a full hearing of all the facts.

Let the judgment below be affirmed.